IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IRA GALLOWAY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ISLANDS MECHANICAL ) <br> CONTRACTORS, INC., ) <br> ) <br> Defendants. ) <br> _____) | CIV. NO.: 2008-CV-71 |

**MEMORANDUM OPINION**

Finch, Senior Judge

THE MATTER is before the Court on Defendant Islands Mechanical Contractors, Inc.'s ("Defendant" or "IMC") Motion to Dismiss Plaintiff Ira Galloway's ("Plaintiff" or "Galloway") claims against Defendant. Defendant asserts that Count I (Title VII) fails to state a claim upon which relief can be granted because Plaintiff failed to exhaust the requisite administrative remedies. Defendant further contends that since Count I is the source of original jurisdiction for the Court that Counts II-V should also be dismissed. Defendant also argues that the claim under V.I. Code Ann. tit. 24 §§ 451 et. seq. (2010) in Count II must be dismissed because there is no private cause of action under that statute. For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

**I.    Background**

Plaintiff is a licensed mechanic who was employed by Defendant for approximately seven months at the Virgin Islands Water and Power Authority ("WAPA") project. (Compl. ¶¶ 4, 22.) Plaintiff worked as a mechanic and then was given the responsibilities of a Heavy Equipment

Mechanic Foremen without the requisite pay or job title. (Compl. ¶ 11.) After Plaintiff complained of differences in pay and work done by unqualified "white stateside hires" beginning in February 2008, Plaintiff was laid off on May 27, 2008. (Compl. ¶¶ 22, 25.) Defendant states Plaintiff was only hired to help with the project at WAPA and was laid off when the work at the WAPA project slowed down. (Answer at 3-4.) After being laid off, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 8, 2008 through local authorities. (Def. Mot. at 1.) On August 8, 2008, Plaintiff then brought a complaint alleging the following claims against Defendant: (1) violations of Title VII, 42 U.S.C.A. §§2000e *et. seq.* (count I); (2) violations of Virgin Islands statutes against discrimination: V.I. Code Ann. tit. 10 §§1-7, 61-72 and tit. 24, § 451 et. seq. (count II); (3) wrongful discharge (count III); (4) breach of Defendant's duty of good faith and fair dealing (count IV); and (5) punitive damages for Defendant's pattern of discrimination (count V).

## II. Standard of Review

### A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"When reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." *United States DOT ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009) (citing *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need not provide detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *See also* Fed. R. Civ. P. 8 ("a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader

is entitled to relief"). The pleading should merely provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Windowizards, Inc. v. Castle "The Window People," Inc.*, 2001 WL 586810 at *1 (E.D. Pa. May 30, 2001). However, a plaintiff is obliged to provide the grounds of his entitlement to relief that goes beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)). To establish facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citations omitted). While "the plausibility standard is not akin to a "probability requirement" . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

**III.    Discussion**

    **A.  Count I: Exhaustion of administrative remedies under Title VII**

Defendant argues that Plaintiff's claim against Defendant for violation of Title VII should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required pursuant to 42 U.S.C. § 2000e-5(f)(1).[1] Specifically, Defendant asserts that Plaintiff failed to obtain a right to sue letter from the EEOC.

---

[1] Section 2000e(f)(1) sets forth the administrative remedies required prior to the filing of a civil suit by a private party. The statute provides in pertinent part that

> [i]f a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the

3

This Court, relying on Third Circuit law, has previously explained the administrative exhaustion requirements under Title VII. *See Burke-Ventura v. Virgin Islands Telephone Corp.*, 2009 U.S. Dist. LEXIS 47752, at *5-7, 51 V.I. 982 (D.V.I. 2009). The Defendant is correct that a plaintiff must allow a minimum of 180 days for the EEOC to investigate a charge of discrimination filed by the plaintiff. *Burke-Ventura*, 2009 U.S. Dist. LEXIS 47752, at *5 (citing *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001)). At the close of the 180-day period, the plaintiff is entitled to a right-to-sue letter. *Id.* (citing *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.* at *6 (citing *Burgh*, 251 F.3d at 470.) However, the "failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action." *Id.* at *7 (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 96 (3d Cir.1999)). The appropriate court of action is to allow a plaintiff who does not allege receipt of a right-to-sue letter an opportunity to amend his complaint. *Id.* (citing *Gooding v. Warner-Lambert, Co.*, 744 F.2d 354, 358 (3d Cir. 1984).

Accordingly, the Defendant's motion to dismiss with regard to Count I will be denied without prejudice and Plaintiff is allowed to amend his complaint.[2]

### B. Dismissal of Counts II-V for lack of subject matter jurisdiction

---

respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e-5.

[2] In this matter, the Court issued a stay in this case until Plaintiff received his Notice of Right to Sue letter from the EEOC. The Right to Sue letter, dated February 1, 2010, was filed on March 3, 2010 (Dock. No. 14, 16).

The Court has denied Defendant's motion to dismiss the federal claim in Count I. Thus, Defendant's contention that the Court lacks supplemental jurisdiction over the remaining counts, pursuant to 28 U.S.C. § 1367,[3] must be rejected.

### C. Count II: violations of 24 V.I.C. §§ 451 *et. seq.*

In Count II, Plaintiff alleges that Defendant discriminated against Plaintiff in violation of Title 24 V.I.C. §§ 451 et seq. (Compl. ¶ 33.) Defendant argues that the claim should be dismissed because there is no private cause of action under Title 24. (Mot. at 6.)

This Court has previously determined that Chapter 17 of Title 24 (§§ 451- 462) does not provide a private cause of action but only provides for a limited right of action in the nature of a writ of review. *See*, *Hazell v. Executive Airlines, Inc.*, 32 V.I. 312, 313-14 (D.V.I. 1995). *See also Miller v. V.I. Hous. Auth.*, 46 V.I. 623, 630 (D.V.I. 2005) (citing *Nickeo v. V.I. Tel. Corp*, 42 F.3d 804, 808, (3d Cir. 1994)). However, in 2006, the Virgin Islands Legislature amended section 451 of Title 24 to include section 451a, which prohibits retaliation against employees who report or are about to report a violation of chapter 17.[4] Section 451a states that

---

[3] Section 1367 (c) provides that

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(c).

[4] Section 451a(a) provides

> (a) An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of this chapter, regulation or rule promulgated pursuant to law of this territory or the United States to a public body, unless the employee knows that the report is

> [i]n addition to the remedies provided in sections 453 through 455 of this chapter, **a person who alleges a violation of this section may bring a civil action for appropriate injunctive relief, or actual damages**, or both, within ninety days after the occurrence of the alleged violation of the provisions of this section.

24 V.I.C. § 451a(b) (emphasis added).

As highlighted above, § 451a provides that an employee may bring a civil action for appropriate injunctive relief, or actual damages. 24 V.I.C. § 451a (b). Thus, a plain reading of the text indicates that a private cause of action is available under section 451a.

In the Complaint, Plaintiff alleges that in February 2008 and on April 5, 2008, Plaintiff complained that he was not getting adequately compensated for the foreman work that he was doing, and that overtime was improperly being assigned to white workers. (Compl. ¶ 13). IMC, through its employee Dooley Jones, informed Plaintiff that his complaint would be investigated and a meeting held to resolve the issues, but neither action occurred. (Compl. ¶ 14.) Plaintiff alleges that he was then told not to come to work on four separate occasions in May of 2008 as there was "no work." (Compl. ¶¶ 15-16, 18-19.) Plaintiff complained to his supervisor Dooley Jones when he found out that another less qualified employee was brought in to perform work on those days. (Compl. ¶¶ 15-20.) However, there is no indication that Plaintiff complained to a public body during his employment with Defendant. In fact, the facts alleged in the Complaint indicate that all of the discriminatory actions alleged by Plaintiff occurred prior to the complaint he filed with the EEOC on July 6, 2008. (Opp. at 2.) Moreover, there is no allegation that Plaintiff intended to file a complaint with the EEOC prior to that date, or that IMC was aware of such intent. The Court concludes that Plaintiff has failed to adequately plead a claim of

---

> false, or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.

24 V.I.C. § 451a(a).

retaliation under § 451a. However, the Court will allow Plaintiff an opportunity to amend the Complaint within a time period specified by the Court in a separate order. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citations omitted) (when dismissing a claim for failure to state a claim in a civil rights case, the plaintiff should be given leave to amend within a specified period of time).[5] The Defendant's motion to dismiss Count II will thus also be denied without prejudice.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED** without prejudice. The Court will allow Plaintiff an opportunity to amend his pleading to properly state a claim under Title VII as set forth in Count I and under Title 24, as set forth in Count II. Given Plaintiff's opportunity to amend the Complaint, Defendant's argument that counts II-V should be dismissed for lack of subject matter jurisdiction is without merit at this juncture. An appropriate Order will be entered in conjunction with this Opinion.

**ENTER**:

Dated: July 14, 2010  _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[5] "[I]n civil rights cases district courts must offer amendment-irrespective of whether it is requested-when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.* 482 F.3d 247, 251 (3d Cir. 2007).