## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| IRA GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2008-071 |
| | ) | |
| ISLANDS MECHANICAL | ) | |
| CONTRACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
**Rachelle M. Shocklee, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER came before the Court on September 13, 2012 for a hearing on ten Motions *in Limine* (Dkt. Nos. 127, 134, 135, 136, 137, 138, 139, 140, 141, 167), as well as on Plaintiff's Motion to Have Beverly Jones Appear to Testify in this Matter by Videoconferencing (Dkt. No. 147). Lee J. Rohn, Esq. appeared on behalf of the Plaintiff; Andrew C. Simpson, Esq. appeared on behalf of the Defendant. This Memorandum Opinion memorializes the rulings on those motions by the Court and the agreements reached by the parties at the hearing, and establishes deadlines for those matters that require follow-up with the Court by the parties.

**DISCUSSION**

**1. Plaintiff's Motion *in Limine* to Prevent the Testimony of Buddy Martin**

Plaintiff filed this motion *in limine* to preclude the trial testimony of Buddy Martin, a former IMC employee and non-party witness. (Dkt. No. 127). Plaintiff argues that Defendant should be precluded from calling Mr. Martin at trial because Mr. Martin failed to appear at a May 2011 deposition in Florida, and because IMC—which "obviously has enough control over him to bring him to trial[—]refused to have him appear for deposition." *Id.* at 2.[1]

In *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997), the Third Circuit held that Fed. R. Civ. P. 37(b)(1) "provides the appropriate means to sanction a nonparty," and explained that "[t]he only sanction available under Rule 37(b)(1) is to hold a deponent in contempt of court." *Id.*[2] It is uncontested that Plaintiff subpoenaed Mr. Martin through the District Court in the Middle District of Florida, where Mr. Martin resides, and communicated with him directly regarding a convenient time for his deposition.[3] However, when Mr. Martin did not appear for his deposition, Plaintiff did not file a motion with the Florida district court seeking to hold him in contempt.[4] Consequently, having failed to pursue the only sanction available for a non-party witness under the Rules, Plaintiff is not now entitled to have

---

[1] Mr. Martin was initially listed as a trial witness by Plaintiff, and both Plaintiff and Defendant listed him as a witness in the Joint Final Pretrial Order. Shortly thereafter, Plaintiff withdrew Mr. Martin as one of his witnesses from the Pretrial Order.

[2] Fed. R. Civ. P. 37(b)(1), "Sanctions in the District Where the Deposition Is Taken," provides: "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."

[3] At the hearing, IMC's counsel represented that Mr. Martin had last been employed by IMC in April 2011, approximately one month prior to the scheduled deposition. Thus, Mr. Martin was no longer under IMC's control when he failed to appear for the deposition in May 2011, and IMC reportedly had nothing to do with Mr. Martin's failure to appear.

[4] Nor did Plaintiff raise the issue with this Court or take any other action prior to filing his motion *in limine* ten months later on March 21, 2012.

this Court impose the sanction of precluding Mr. Martin's testimony at trial. Plaintiff's motion *in limine* is therefore denied.

During the colloquy with the Court at the hearing, IMC agreed that it would make an effort to contact Mr. Martin and urge him to make himself available for deposition by Plaintiff prior to trial, with the caveat that IMC had no means to compel Mr. Martin to do so, since he was no longer an employee. The Court will therefore direct IMC to make a good faith effort to help facilitate Mr. Martin's deposition.

**2. Defendant's Motion *in Limine* to Preclude Evidence Regarding the Department of Labor Investigation**

Defendant moves to prevent Plaintiff from introducing at trial a Virgin Islands Department of Labor ("DOL") Report on an investigation of IMC's hiring and other business practices with regard to the construction project on which Plaintiff was employed. (Dkt. No. 136). IMC argues that the sixty-page Report may not be introduced in evidence because its introduction would violate 24 V.I.R. & R. §§ 456-19(a) and (b), which provide, *inter alia*, that information obtained pursuant to a DOL investigation shall not be made public unless certain requirements have been met. After extensive argument, Plaintiff withdrew the Report as a trial exhibit. Accordingly, Defendant's motion will be denied as moot.

**3. Defendant's Motion *in Limine* to Preclude Evidence for Failure to Disclose**

Defendant asserts that, in Plaintiff's section of the Joint Pretrial Order filed on March 13, 2012, Plaintiff listed, for the first time, the following persons as witnesses: Andy Spann, Dierdre Finch, Lavern Marsh-Cole, Gary Kaller, Cecil Campbell, and Loren Kleeger. Because Plaintiff had not identified any of these persons during discovery, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendant maintains that introducing evidence from these witnesses at trial would be unduly prejudicial, and requests that testimony from these witnesses be precluded. (Dkt. No.

134). Plaintiff responds that these witnesses were disclosed because they were named in the sixty-page DOL Report which Plaintiff provided to Defendant during discovery.

At the hearing, Plaintiff withdrew Finch, Marsh-Cole, Kaller, and Kleeger as witnesses because they were associated with the DOL Report that Plaintiff withdrew as an exhibit. Defendant had previously withdrawn its objection to "Andy Spann," as Plaintiff had clarified that the intended witness was Derrick Spann, as to whom Defendant had no objection. (Dkt. No. 162 at 4 n.2). Accordingly, Defendant's motion is denied as moot with regard to Andy Spann, Dierdre Finch, Lavern Marsh-Cole, Gary Kaller, and Loren Kleeger.

The only remaining witness that Defendant seeks to exclude is Cecil Campbell, a black West Indian former IMC employee who complained to DOL that he was hired at a lower salary than white workers, and who was mentioned in the DOL Report. (Dkt. No. 115-7 at 41-43). In this regard, the Court rejects Plaintiff's argument that providing Defendant with a copy of the DOL Report during discovery is equivalent to disclosing the individuals named in that Report pursuant to Rule 26(a). Rule 26 requires identification of specific witnesses by name and, if known, by address and telephone number. It also requires a party to set forth the subject matter of the discoverable information to be provided by that witness. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff did not comply with this Rule, nor did he supplement his disclosures, pursuant to Rule 26(e), by identifying Mr. Campbell.

Nevertheless, because the trial in this matter has been continued (Dkt. No. 217), any prejudice to Defendant that might have resulted from Plaintiff's failure to disclose Mr. Campbell may be cured by permitting Defendant to depose him prior to trial. At the hearing, Plaintiff's counsel stated that she would ascertain if Mr. Campbell is available. If he is available, Plaintiff will produce him for deposition. If he is not available, Plaintiff will withdraw him as a witness.

Accordingly, the Court will grant Defendant's motion *in limine* unless Plaintiff makes Mr. Campbell available for deposition by Defendant at a mutually convenient time.

4. **Defendant's Motion *in Limine* to Preclude Evidence of Damages Requiring Expert Testimony**

Defendant seeks to preclude two discrete aspects of Plaintiff's damages evidence by way of this motion *in limine.* (Dkt. No. 137). It first seeks to preclude Plaintiff's expert, Dr. Chester Copemann, from testifying that Plaintiff's physical symptoms—including headaches, body aches, and sleeplessness—were caused by the discrimination he allegedly experienced by IMC. Defendant asserts that Dr. Copemann conceded, in his Report, that Plaintiff's physical symptoms may have causes other than stress. Because the Court deems Defendant's challenge to the expert's anticipated testimony to be one properly addressed through cross-examination rather than by preclusion of the testimony, this aspect of IMC's motion *in limine* will be denied.

Defendant also seeks to preclude Plaintiff's claim for loss of capacity to earn income on the ground that Plaintiff did not produce an expert to testify regarding any of his economic damages, nor did he provide a calculation of his damages pursuant to Rule 26(a)(1)(A)(iii). Plaintiff stated that he will not claim future damages, but asserts that he has already provided Defendant with evidence of economic damages.

In an Order issued on September 14, 2012, the Court ordered Plaintiff to identify the information he had produced to Defendant that addressed the calculation of Plaintiff's economic damages. (Dkt. No. 208). The Order also permitted Defendant to file a response. *Id.* Accordingly, a ruling by the Court on this aspect of IMC's motion *in limine* will be deferred pending the Court's review of the parties' submissions.

5. **Defendant's Motion *in Limine* to Preclude Hearsay Statements**

Defendant seeks to preclude Plaintiff from introducing hearsay testimony from witnesses regarding the alleged use of racial epithets (more particularly, the "n" word) by certain members of IMC management. (Dkt. No. 138). Any objections to hearsay testimony will be addressed during the course of trial, in the context in which such statements may arise and in accordance with the Federal Rules of Evidence. Defendant's motion will therefore be denied as premature.

6. **Defendant's Motion *in Limine* to Preclude Evidence Regarding Claim for Hostile Work Environment**

Defendant argues that Plaintiff did not allege a Title VII hostile work environment claim in his First Amended Complaint and, even if he had, he did not exhaust his administrative remedies before filing his lawsuit. As a result, Plaintiff should be precluded from introducing such evidence at trial. (Dkt. No. 139).

In the Court's Memorandum Opinion granting in part and denying in part Defendant's Motion for Summary Judgment, issued on September 11, 2012 (the "Memorandum Opinion"), the Court granted Defendant's motion for summary judgment on Plaintiff's hostile work environment claims asserted under Title VII and the Virgin Islands Civil Rights Act. (Dkt. No. 204 at 25-27, 29-31). Accordingly, the Court will grant Defendant's motion *in limine*, as there are no hostile work environment claims remaining in this lawsuit.

7. **Defendant's Motion *in Limine* to Preclude Testimony Regarding Claims of Other Plaintiffs**

Defendant seeks to preclude testimony concerning the claims asserted by black West Indian former IMC employees who filed separate lawsuits against Defendant alleging discrimination. It argues that such testimony is not relevant and will inflame the jury into thinking that Defendant has engaged in a pattern of discriminating against black West Indian

employees. (Dkt. No. 140). Plaintiff responds that Defendant has engaged in a pattern or practice of discrimination against black West Indian employees, as alleged in the Complaint.[5]

The Court inquired regarding the viability of a pattern or practice claim embedded in an individual disparate treatment cause of action—in particular, whether evidence related to claims of other individuals who worked for IMC was admissible to show a pattern or practice of discrimination outside of the class action context. To address this issue, the Court ordered simultaneous briefing on the viability of Plaintiff's "pattern or practice" discrimination claim in the context of an individual disparate treatment case. (Dkt. No. 208).

Plaintiff further contends that certain acts of discrimination alleged by the other plaintiffs—such as the disparity in pay between black West Indian and white employees, and "trumped up" reasons given for the terminations of other black West Indian employees—are directly relevant to Plaintiff's claims. Plaintiff's counsel cited nine individuals—disclosed in the Joint Final Pretrial Order—whose discrimination claims Plaintiff believes would be relevant to this case: Miron Reynolds, Pius Hubert, Conrad Prevost, Herbert Fitz, Henry Thomas, Evans Taylor, Alvin Middleton, Calvin Trout, and Cecil Campbell.

The Court voiced its concern that Plaintiff's trial not devolve into numerous mini-trials where discrimination claims of other IMC employees would be litigated. The Third Circuit addressed this issue in *Coleman v. Home Depot, Inc.*, 306 F.3d 1333 (3d Cir. 2002), holding that a district court did not abuse its discretion in excluding an EEOC report—which stated, in

---

[5] In Count 5 of Plaintiff's First Amended Complaint, he alleged a pattern or practice of discrimination. (Dkt. No. 32, ¶¶ 44, 45). Defendant claimed at the hearing that the Court's Memorandum Opinion had granted summary judgment to IMC on the entirety of Count 5. The Court clarified that it had granted Summary Judgment to Defendant on Count 5 only to the extent that punitive damages was being claimed as an independent cause of action: it did not grant summary judgment on the pattern or practice claim alleged in Count 5. (Dkt. No. 204 at 37).

general terms, that defendant had systematically discriminated against female and minority employees—on grounds of undue delay and waste of time under Fed. R. Evid. 403. *Id.* at 1346. The district court had found that the EEOC report possessed low probative value on the question of whether plaintiff had been discriminated against in hiring. The Third Circuit affirmed, opining that, had the EEOC report been admitted,

> a great deal of time would have had to have been consumed to counter the report's conclusion about the fate of other employees . . . . [I]n order to rebut [the report's] expansive allegations, [defendant] would have had to present evidence showing that it did not discriminate when it placed former employees in cashier positions or fired them. This would certainly have involved a great deal of testimony—a trial within a trial in fact—about the employment histories of a large number of former employees.

*Id.* According to the Third Circuit, these evidentiary battles would have "created the potential risk of undue delay and waste of time[.]" *Id.* at 1347.

The possibility of the Galloway trial being beset by a series of mini-trials where the factual details of numerous IMC employee terminations or other allegations of discrimination would be litigated prompted the Court to require Plaintiff to submit a thorough proffer in advance of trial detailing the testimony of each of the former IMC employees. Based on those proffers, the Court will determine the propriety of each person's testimony under the applicable Federal Rules of Evidence.

Accordingly, the Court will order Plaintiff to submit detailed proffers of testimony by January 4, 2013 regarding the following witnesses: Miron Reynolds, Pius Hubert, Conrad Prevost, Herbert Fitz, Henry Thomas, Evans Taylor, Alvin Middleton, Calvin Trout, and Cecil Campbell.[6] Defendant shall file its response by January 18, 2013.

---

[6] Whether Cecil Campbell may appear as a witness remains subject to the Court's ruling discussed in Item No. 3, above.

8. **Defendant's Motion *in Limine* to Exclude Improper References to "Locals" at Trial**

Defendant seeks to prevent Plaintiff and Plaintiff's counsel from introducing evidence and arguments at trial relating to the treatment of "local" workers, contending that this case is not about Defendant's treatment of "locals" but about alleged discrimination against black West Indians. Defendant also contends that making the case about "locals" versus statesiders would be highly prejudicial and inflame the jury. (Dkt. No. 141). IMC cites *Vitalis v. Sun Constructors, Inc.*, 2012 WL 1950405 (3d Cir. May 31, 2012), in which the Third Circuit held that "locals" was not a protected group under Title VII based on race or national origin. *Id.* at *3.

The Court finds that, based on the reasoning in *Vitalis,* Plaintiff will be precluded from using the word "locals" as a shorthand for "black West Indians" at trial. The Court will therefore grant Defendant's motion, with the caveat that verbatim quotes from deposition transcripts that use the word "locals" will not be precluded.[7]

9. **Plaintiff's Motion to Have Beverly Jones Appear to Testify in This Matter by Videoconferencing**

Plaintiff moved to have Beverly Jones, the estranged wife of former IMC management employee Dooley Jones, testify at trial via videoconference from the U.S. District Court in the Southern District of Georgia. (Dkt. No. 147). Plaintiff claims that Ms. Jones is "gravely afraid" of Dooley Jones and does not wish to travel to the Virgin Islands to testify "for fear she will be subjected to abuse" by him. *Id*. at 1.

At the hearing, Plaintiff's counsel asserted that Ms. Jones had initially represented that she was willing to appear at trial to testify, but then apparently changed her mind based on her

---

[7] During the hearing, Plaintiff pointed out that some of the alleged discriminators used the word "locals" in a pejorative sense when referring to black West Indian workers, and that Defendant's counsel had referred occasionally to black West Indians as "locals" when questioning witnesses during depositions.

fear of her former husband. Accordingly, Plaintiff sought to have Ms. Jones appear by videoconference. Defendant responded that this motion was an attempt to circumvent the discovery rules since Plaintiff named Ms. Jones as a witness a month before discovery closed but did not schedule her deposition, and then indicated in the Joint Final Pretrial Order that he wished to subpoena Ms. Jones for a "trial video deposition." (Dkt. No. 166). Defendant's counsel reiterated that its only objection to a deposition of Ms. Jones was that it was untimely.

Fed. R. Civ. P. 43 provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Advisory Committee Notes emphasize the importance of live testimony at trial, and explain that the requirements of Rule 43 are often satisfied when a witness cannot attend trial for unexpected reasons—generally, accident or illness—but may be able to testify from a remote place. Courts that have permitted contemporaneous video testimony have required a showing of good cause. *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 669 (D.C. Cir. 2007) (opining that witness had to prove that he had repeatedly been denied a visa to the United States in order to testify from Egypt).

Here, Plaintiff submitted unsigned affidavits from Ms. Jones describing, *inter alia*, the alleged discriminatory attitude that Dooley Jones harbored toward black West Indian workers (Dkt. No. 169-1, 169-3, 169-4), and an "Affirmation" *from Plaintiff's counsel* in which *counsel* attested that Ms. Jones feared encountering Dooley Jones at trial. (Dkt. No. 169-6). Plaintiff did not submit any evidence from Ms. Jones herself that satisfied the good cause or compelling circumstances standard under Rule 43. Accordingly, the Court will deny Plaintiff's motion seeking to present Ms. Jones' trial testimony by videoconference.

At the hearing, the parties agreed to conduct a *de bene esse* deposition of Ms. Jones, pursuant to Fed. R. Civ. P. 32(a), and provide the Court with the testimony from the deposition that they propose to introduce at trial. The Court would address each party's objections to the opposing party's proposed introduction of testimony. The Court finds that this approach is satisfactory. It will therefore order that the parties shall provide a transcript of the *de bene esse* deposition to the Court by January 15, 2013, indicating with particularity (citing page and line numbers) which portions of the transcript they propose to introduce; that each party shall file objections by January 22, 2013 to the use of the opposing party's proposed testimony; and that each party shall file responses to the opposing party's objections by January 29, 2013.

**10. Defendant's Motion *in Limine* to Limit Beverly Jones' Testimony to the Knowledge Stated in Plaintiff's Disclosures**

Defendant moves to limit the scope of Beverly Jones' testimony in this case, asserting that, in June 2011, Plaintiff identified Ms. Jones in his Rule 26 disclosures as a witness who allegedly had knowledge "of discrimination by Thomas Dooley Jones to Plaintiff." (Dkt. No. 167-1). However, in the unsigned draft affidavit attached to Plaintiff's motion seeking permission for Ms. Jones to testify at trial by videoconference, filed in April 2012, Ms. Jones claimed that she had knowledge of Dooley Jones' general use of racial epithets, as well as discriminatory acts by other members of IMC management towards black West Indian employees. *See, e.g.*, Dkt. No. 147-1. At the hearing, the parties agreed that Ms. Jones could testify as to her knowledge of alleged discrimination by Dooley Jones against Plaintiff in Plaintiff's case in chief, and that she could testify to other allegedly discriminatory acts by IMC management only if appropriate as rebuttal evidence.

Accordingly, Defendant's motion *in limine* will be granted in part, to the extent that Ms. Jones will be permitted to testify to her alleged knowledge "of discrimination by Thomas Dooley

11

Jones to Plaintiff" in Plaintiff's case in chief, and will be denied in part, to the extent that Ms. Jones will be permitted to testify as to her knowledge of other allegedly discriminatory acts by IMC management only if appropriate as rebuttal evidence.

### 11. Defendant's Motion *in Limine* Regarding Improper References at Trial

Defendant moved to prevent counsel or any witness from: (1) referring to any specific dollar amount of damages other than economic losses, in opening or closing statements or testimony; and (2) using any language in opening or closing statements or arguments that appeals to any bias or legal prejudices. (Dkt. No. 135). Plaintiff filed a Notice of No Objection. (Dkt. No. 142). The Court will therefore grant this motion.

### 12. General Discovery Deadline

The Court emphasizes that none of the accommodations that it has approved with regard to further discovery in this case should be construed by the parties as a general reopening of discovery. Except for those aspects of discovery approved herein, the July 29, 2011 discovery deadline, established in the May 12, 2011 Scheduling Order, remains in effect. (Dkt. No. 76).

## ORDER

**UPON CONSIDERATION** of the motions *in limine* filed by both parties, the oppositions to same, the colloquy at the September 13, 2012 hearing on the motions, the entire record herein, and for the aforementioned reasons, it is hereby **ORDERED** that:

1. Plaintiff's Motion *in Limine* to Prevent the Testimony of Buddy Martin (Dkt. No. 127) is **DENIED**. Defendant will, however, make a good faith effort to help facilitate Mr. Martin's appearance for a deposition at a mutually convenient time in advance of trial.

2. Defendant's Motion *in Limine* to Preclude Evidence Regarding the Department of Labor Investigation (Dkt. No. 136) is **DENIED AS MOOT**, because Plaintiff withdrew the Department of Labor Report as a trial exhibit.

3. Defendant's Motion *in Limine* to Preclude Evidence for Failure to Disclose (Dkt. No. 134) is **DENIED AS MOOT** with regard to Dierdre Finch, Lavern Marsh-Cole, Gary Kaller, and Loren Kleeger, as Plaintiff has withdrawn them as witnesses. The motion is also **DENIED AS MOOT** with regard to Andy Spann, as Defendant has withdrawn its objection following clarification of the identity of the witness as Derrick Spann. The motion is **GRANTED** with regard to Cecil Campbell. However, Plaintiff will make a good faith effort to produce Mr. Campbell for a deposition. If Mr. Campbell is deposed, he will be allowed to testify at trial. If is he not available for deposition at a mutually convenient time, Plaintiff has agreed to withdraw him as a witness.

4. Defendant's Motion *in Limine* to Preclude Evidence of Damages Requiring Expert Testimony (Dkt. No. 137) is **DENIED** to the extent that Defendant seeks to preclude Plaintiff's expert, Dr. Copemann, from testifying concerning the causation of Plaintiff's physical symptoms. That part of Defendant's motion seeking to preclude evidence of Plaintiff's economic damages is **DEFERRED**, pending further briefing that has been ordered in a separate Order. (Dkt. No. 208).

5. Defendant's Motion *in Limine* to Preclude Hearsay Statements (Dkt. No. 138) is **DENIED AS PREMATURE.** The Court will address such objections at trial.

6. Defendant's Motion *in Limine* to Preclude Evidence Regarding Claim for Hostile Work Environment (Dkt. No. 139) is **GRANTED**, as there are no hostile work environment claims remaining in this lawsuit.

13

7. Defendant's Motion *in Limine* to Preclude Testimony Regarding Claims of Other Plaintiffs (Dkt. No. 140) is **DEFERRED** pending further briefing. Plaintiff is ordered to submit detailed proffers by **January 4, 2013** of the proposed testimony of the following witnesses: Miron Reynolds, Pius Hubert, Conrad Prevost, Herbert Fitz, Henry Thomas, Evans Taylor, Alvin Middleton, Calvin Trout, and Cecil Campbell. Defendant shall file its response by **January 18, 2013.**

8. Defendant's Motion *in Limine* to Exclude Improper References to "Locals" at Trial (Dkt. No. 141) is **GRANTED**, with the caveat that verbatim quotes from deposition transcripts that use the word "locals" will not be precluded.

9. Plaintiff's Motion to Have Beverly Jones Appear to Testify in This Matter by Videoconferencing (Dkt. No. 147) is **DENIED**. However, the parties may hold a *de bene esse* deposition of Ms. Jones. If such a deposition is conducted, the parties are further **ORDERED** to provide a transcript of that deposition to the Court by **January 15, 2013** in which they each indicate with particularity (citing page and line numbers) which sections of the deposition they plan to introduce at trial. The parties are further **ORDERED** to file objections by **January 22, 2013** to the testimony proposed by the opposing party, and any responses to those objections by **January 29, 2013**.

10. Defendant's Motion *in Limine* to Limit Beverly Jones' Testimony to the Knowledge Stated in Plaintiff's Disclosures (Dkt. No. 167) is **GRANTED IN PART**, to the extent that Ms. Jones will be permitted to testify to her alleged knowledge "of discrimination by Thomas Dooley Jones to Plaintiff" in Plaintiff's case in chief; and is **DENIED IN PART**, to the extent that Ms. Jones will be permitted to testify as to her knowledge of other

allegedly discriminatory acts by IMC management only if appropriate as rebuttal evidence.

11. Defendant's Motion *in Limine* Regarding Improper References at Trial (Dkt. No. 142) is **GRANTED**.

12. Except for those aspects of discovery approved herein, the July 29, 2011 discovery deadline, established in the May 12, 2011 Scheduling Order, remains in effect. The additional discovery permitted by this Order does not otherwise reopen discovery in this case.

**SO ORDERED.**

Date: November 16, 2012                                         _____/s/_____
                                                                WILMA A. LEWIS
                                                                District Judge