DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IRA GALLOWAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 2008-071<br>)<br>ISLANDS MECHANICAL )<br>CONTRACTOR, INC., )<br>)<br>Defendant. )<br>_____) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
**Rachelle M. Shocklee, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Objection to and Appeal of Magistrate's Order Granting Defendant Island[s] Mechanical Contractor's Motion to Quash Subpoenas Duces Tecum," filed by Plaintiff Ira Galloway ("Plaintiff") on October 29, 2012. (Dkt. No. 230). Defendant Islands Mechanical Contractor, Inc. ("IMC" or "Defendant") filed a "Response to Objections to Magistrate's Order" on November 10, 2012. (Dkt. No. 235). For the reasons that follow, the Court will affirm the Magistrate Judge's October 16, 2012 Order quashing the subpoenas duces tecum on the grounds that they violate the Court's May 12, 2011 Scheduling

Order. (Dkt. No. 226). Although affirming the Magistrate Judge's ultimate conclusion, the Court will clarify certain legal principles addressed in the litigation of this issue.

## PROCEDURAL HISTORY

This appeal has its genesis in the filing of a motion *in limine* by Defendant in which it sought, *inter alia*, to preclude evidence of any claim that Plaintiff may make at trial concerning loss of his capacity to earn income. (Dkt. No. 137). Defendant asserted that because Plaintiff had provided neither expert testimony regarding his economic damages nor any calculation of his damages as required by Rule 26(a)(1)A)(iii), he should be precluded from offering evidence on this issue. (*Id.* & Dkt. No. 160 at 1-2). During a September 13, 2012 hearing on this and other motions *in limine*, Plaintiff represented that he had, in fact, provided information concerning his economic damages to Defendant, and that he would file that information with the Court. The next day, the Court issued an Order in which it stated that Plaintiff would have up to and including September 17, 2012 "to file a memorandum identifying the information that Plaintiff has produced to Defendant that addresses the calculation of Plaintiff's economic damages, including the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii)." (Dkt. No. 208). Defendant was afforded the opportunity to file a response.[1]

On September 17, 2012, Plaintiff filed a "Memorandum Related to Accrued Loss of Income" which contained numerous calculations concerning his damages. (Dkt. No. 211-1). He attached several exhibits to the Memorandum which allegedly substantiated those calculations, including pages from his April 2011 deposition and his responses to IMC's interrogatories dated

---

[1] In a November 16, 2012 Memorandum Opinion and Order memorializing the Court's rulings on all of the motions *in limine*, the Court "emphasize[d] that none of the accommodations that it has approved with regard to further discovery in this case should be construed by the parties as a general reopening of discovery. Except for those aspects of discovery approved herein, the July 29, 2011 discovery deadline, established in the May 12, 2011 Scheduling Order, remains in effect." (Dkt. No. 238 at 12).

October 13, 2010. (Dkt. Nos. 211-2 through 211-6, 211-8). He also submitted an "Updated Response to Island[s] Mechanical Contractors, Inc.'s Interrogatories," dated September 17, 2012, and supporting exhibits. (Dkt. No. 211-12). In its response filed on September 24, 2012, Defendant countered that Plaintiff did not provide adequate information to allow it to "independently assess his economic loss claim or to allow a trier of fact to calculate the damages without speculating as to both the income plaintiff subsequently earned and the times when he was employed." (Dkt. No. 212 at 1). Defendant identified alleged gaps in Plaintiff's proof and concluded that without this information (such as the dates Plaintiff worked for those employers, his gross wages and benefits), it could only speculate as to Plaintiff's damages. *Id.* at 5.

The next day—September 25, 2012—Plaintiff filed three Notices of Intent to Serve Subpoena, in which he indicated that he was serving subpoenas duces tecum on the three employers for whom he worked after he was terminated from Defendant: Oxbow Group, located in West Palm Beach, Florida (Dkt. No. 213); Oiltanking L.P., located in Houston, Texas (Dkt. No. 214); and Turner Industries, Inc., located in Baton Rouge, Louisiana (Dkt. No. 215). In these Notices, Plaintiff requested the following documents: (1) his employment records including rate of pay and benefits; (2) income tax records and/or pay stubs; (3) all W-2 forms; (4) employment offer letters; (5) his personnel file; and (6) all such related documents. (Dkt. No. 213-1 at 1-2). The subpoenas commanded the companies to produce the documents to Plaintiff's counsel on St. Croix by October 15, 2012, pursuant to Federal Rules of Civil Procedure 26, 30, and 45. *Id.*

On September 26, 2012, Defendant filed a "Motion to Quash Subpoenas Duces Tecum," arguing that Plaintiff made its request for employment records from Oxbow, Oiltanking, and Turner "on the eve of trial and over a year after factual discovery had closed" on July 29, 2011. (Dkt. No. 216). Defendant objected that Plaintiff should not be allowed, at such a late date, "to

3

attempt to obtain evidence to prove his claims." *Id.* Plaintiff opposed the motion, contending that: (1) Defendant lacked standing to move to quash the subpoenas; and (2) the information sought with the subpoenas would not prejudice Defendant because Plaintiff will "assuredly be allowed to testify as to his rate of pay and employment benefits" at trial. (Dkt. No. 223). In its Reply, Defendant responded that a party bound by a Court Order—*i.e.,* a Scheduling Order which sets a discovery deadline—has standing to object to a similarly-bound party's willful disobedience of that same order. (Dkt. No. 225).

On October 16, 2012, the Magistrate Judge of this Court issued an Order granting Defendant's Motion to Quash. (Dkt. No. 226). He quoted *Joseph v. Linehaul Logistics, Inc.*, 2012 WL 3779202, at *4 (D. Mont. Aug. 31, 2012), for the proposition that Rule 45 subpoenas are "subject to the same scheduling order deadlines as other forms of discovery" and, "[c]onsequently, 'a party may seek a Rule 26(c) protective order to preclude another party from obtaining discovery from a non-party[.]'" *Id.* The Magistrate Judge then construed Defendant's motion to quash as a motion for a protective order. Commenting that the Notices of Intent to Serve Subpoenas were filed after the close of discovery, the Magistrate Judge held that they were "untimely and any attempt to obtain discovery by their issuance will not be allowed." *Id.*

Plaintiff filed an "Objection to and Appeal of Magistrate's Order Granting Defendant Island[s] Mechanical Contractor's Motion to Quash Subpoenas Duces Tecum" on October 29, 2012, raising three arguments. (Dkt. No. 230). He first contended that the Magistrate Judge's decision that a protective order was warranted was clearly erroneous and contrary to law because Defendant failed to satisfy the "good cause" requirement for a protective order by demonstrating that the production of the documents sought by the subpoena would work a clearly defined and serious injury upon it. *Id.* at 3-5. Second, Plaintiff challenged Defendant's assertion that it had no

4

way to calculate Plaintiff's economic losses by arguing that Defendant had received the information from employment authorizations served on Plaintiff's post-IMC employers during the discovery process. Plaintiff characterized Defendant's argument that Plaintiff's loss claim was not supported by any document or testimony in this case as "false" and a "complete fabrication," since Defendant possessed that information. *Id.* at 7, 9. Third, Plaintiff maintained that the Magistrate Judge's decision was clearly erroneous because Defendant lacked standing under Rule 45 to move to quash the subpoenas. *Id.* at 10-12.

In its "Response to Objections to Magistrate's Order," Defendant reiterated its earlier argument that the subpoenas were issued long after the discovery deadline and were untimely. It added that whether the Magistrate Judge stopped Plaintiff's "abuse" through an order quashing a subpoena, granting a protective order, or enforcing an existing scheduling order was irrelevant because "the Court clearly has the power to stop an ongoing violation of its Orders." (Dkt. No. 235 at 2). IMC further contended that Plaintiff alleged legal, rather than factual, error and, because Plaintiff did not argue before the Magistrate Judge that IMC already possessed the information concerning Plaintiff's economic loss, it was not necessary to address it. *Id.* at 3.

## DISCUSSION

### I. Standard of Review

Motions to quash and motions for a protective order are non-dispositive matters that are reviewed under a clearly erroneous or contrary to law standard. *See Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997) ("A magistrate judge's decision in a non-dispositive discovery dispute will be set aside only if it is clearly erroneous or contrary to law."); *see also* Fed. R. Civ. P. 72(a) (providing that on appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or

set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). The Supreme Court has held that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Kendricks v. Hertz Corp.*, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

II.    **Analysis**

    **A. Motion to Quash/Motion for a Protective Order**

Fed. R. Civ P. 45 provides, in part, that, on timely motion, the issuing court must quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a non-party to travel more than 100 miles from where that person resides or is employed; (3) requires disclosure of privileged or other protected matter, if no exception applies; or (4) subjects the person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). "Generally, 'a party does not have standing to quash a subpoena served on a third party.'" *Savant Sys., LLC v. Crestron Elec., Inc.*, 2012 WL 987404, at *3 (E.D. Pa. Mar. 22, 2012) (quoting *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001)); *see also Langord v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (opining that a motion to quash may be made only by the party to whom the subpoena is directed). "An exception to this rule permits a party to move to quash when it 'claims some personal right or privilege in respect to the subject matter of a subpoena duces

tecum directed to a nonparty."' *Savant Sys.,* 2012 WL 987404, at *3 (quoting *Davis v. Gen. Accident Ins. Co. of Am.*, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)); see also *In re Grand Jury Matter,* 770 F.2d 36, 38 (3d Cir. 1985) (holding that non-party who had no personal property right or privilege at stake had no standing to pursue appeal). The party moving to quash "bears the burden of establishing that a privilege attaches to the subpoenaed documents." *Savant Sys.*, 2012 WL 987404, at *4 (citing *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)).

Here, the subpoenas at issue were directed at third parties, not the Defendant. Further, Defendant did not assert a claim of privilege or right with regard to the documents being sought from the third party employers. Thus, Defendant lacks standing to move to quash the subpoena.

With regard to a motion for a protective order:

> Rule 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (A) forbidding the disclosure of discovery; and (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

*Id.* at *3. In demonstrating "good cause" for the issuance of a protective order under Rule 26(c)(1), the moving party must demonstrate "that disclosure [of the discovery materials] will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In construing Defendant's motion to quash as a motion for a protective order, the Magistrate Judge did not articulate the factual basis necessary to support a finding of good cause for the issuance of a protective order. Further, the quote from *Linehaul Logistics* upon which the Magistrate Judge relied to support his conclusion that a party may seek a "protective order to

preclude another party from obtaining discovery from a non-party. . ." simply provides that such relief may be available; it does not allow a court to ignore the requirements that must be met for a protective order to issue.

### B. *Sua Sponte* Review

Notwithstanding these clarifications of the foregoing legal principles, the Court affirms the Magistrate Judge's ultimate conclusion that the subpoenas should be quashed as untimely. Even if a party does not have standing or has not asserted sufficient standing to quash a subpoena, a court still has the authority to quash the subpoena on grounds of untimeliness. *See Jefferson v. Biogen IDEC Inc.,* 2012 WL 1150415, at *2 (E.D.N.C. Apr. 5, 2012) (ruling that defendant had not asserted sufficient standing to quash subpoenas issued to non-party; nonetheless, the court quashed the subpoenas upon its own motion because, *inter alia*, the subpoenas were served weeks after the completion of discovery and thus untimely); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (holding that although a party did not have standing to move to quash a subpoena directed to a non-party, court would nevertheless quash the subpoena because it was issued outside the discovery period established by the court); *Revander v. Denman*, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004) ("Although a party generally does not have standing to challenge a subpoena issued to a third-party witness unless a personal privacy right or privilege is implicated, the Court, in the exercise of its discretion, may deny a subpoena request when it finds that there is no reason why the subpoena could not have been brought during the discovery period."); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (opining that even if a party does not have standing to object to a subpoena issued to a third-party witness, a more "fundamental problem[]" with the subpoena arises when the opposing party "is seeking to conduct discovery

after the deadline for completing discovery has passed" and, under those circumstances, "the subpoenas and discovery requests should be denied."). In addition, Fed. R. Civ. P. 16(f) "authorizes a district court to issue, *sua sponte*, 'any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.'" *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 91 (1st Cir. 2012) (citing Fed. R. Civ. P. 16(f)(1)(C)).[2]

Many courts have found that Rule 45 subpoenas fall within the confines of Rule 26 discovery and are subject to Rule 26 discovery limitations:

> Rule 45 subpoenas, which are intended to secure pretrial production of documents and things, are encompassed within the definition of 'discovery' as enunciated in Rule 26[] and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery . . . To allow a party to continue with formal discovery . . . that is, discovery which invokes the authority of the court. . . whether in [the] guise of Rule 45, or any of the other discovery methods recognized by Rule 26[], after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention from the post-discovery aspects of preparing a case for trial[.]

*Nicholas v. Wyndham Int'l, Inc.*, 2003 WL 23198847, at *2 (D.V.I. Oct. 1, 2003) (citing cases) (internal citations omitted).[3] In this regard, courts have held that "Rule 45 subpoenas are . . .

---

[2] As discussed above, the Court deems it appropriate to affirm the Magistrate Judge's ultimate conclusion based on his authority to quash the subpoena on the grounds of untimeliness cited in his Order. Alternatively, this Court can review the matter *sua sponte*. In this latter regard, although the motion to quash was addressed by the Magistrate Judge under the authority granted by 28 U.S.C. § 636 and Fed. R. Civ. P. 72, and came before this Court on appeal, "the case itself remains the district judge's case throughout." *Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London Subscribing to Policy No. NB043060b*, 2012 WL 1067918, at *2 (D.V.I. Mar. 26, 2012) (citation omitted). "As such 'the district judge remains the final authority in the case, and [s]he may reconsider *sua sponte* any matter determined by a magistrate judge.'" *Id.* (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)). By either method of review, the outcome is the same.

[3] The *Nicholas* Court rejected the holding in *O'Boyle v. Jensen*, 150 F.R.D. 519, 520 (M.D. Pa. 1993) which held, "without discussion or cited precedent" that a court's discovery deadline did not preclude parties from gathering additional information via subpoena. *Id.* at *1. *O'Boyle* represents the "minority view." *Dent v. Siegelbaum*, 2012 WL 718835, at *12 (D. Md. Mar. 5, 2012).

subject to the same scheduling order deadlines as other forms of discovery." *Linehaul Logistics*, 2012 WL 3779202, at *2; *see also Vilma v. Goodell*, 2012 WL 4926993, at *3 (E.D. La. Oct. 16, 2012); *New Life Homecare, Inc. v. Blue Cross Ne. Pa.*, 2012 WL 580198, at *3 (M.D. Pa. Feb. 22, 2012); *Dreyer v. GACS, Inc.,* 204 F.R.D. 120, 122 (N.D. Ind. 2011); *Garvin v. S. States Ins. Exch. Co.*, 2007 WL 2463282, at *3 (N.D. W.Va. Aug. 28, 2007); *Mortg. Info. Servs., Inc. v. Kitchens,* 210 F.R.D. 562, 566 (W.D.N.C. 2002); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 444 (D. Minn. 1997); *McNerney*, 164 F.R.D. at 588. This Court agrees.

Plaintiff asserts in his September 17, 2012 filing with the Court that he had produced some evidence during the discovery period concerning his wages and benefits at the three companies by which he was employed after he left IMC. However, Plaintiff did not seek further discovery from those employers concerning his potential damages, and factual discovery closed on July 29, 2011. (Dkt. No. 76). It was not until Defendant pointed out alleged gaps in Plaintiff's proof concerning damages that Plaintiff filed the "Notices of Deposition Duces Tecum."

Through the subpoenas, Plaintiff sought basic discovery material, including pay stubs and W-2s. However, as noted earlier, subpoenas are subject to the same deadlines as other discovery methods, and thus can be quashed as untimely if served after the discovery deadline. *See* cases cited, *supra; see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 2008 WL 821061, at *1 (M.D. Ala. Mar. 25, 2008) (subpoena seeking employment records from third party was considered a discovery device and, as such, was quashed as untimely because it was served after the discovery deadline).

Plaintiff never moved to modify the Scheduling Order, and never offered any reason why he did not seek the evidence sought via subpoena during the discovery period—in a case that

10

began in 2008, and for which the discovery period was approximately fifteen months. *See Dow Chem. Canada, Inc. v. HRD Corp.*, 2009 WL 4039570, at *2 (D. Del. Nov. 20, 2009) (ruling that, in order to properly obtain discovery that defendant was pursuing through its subpoenas, after discovery period closed, it was required to make a 'good cause' application to the Court, and to demonstrate that the discovery sought could not have been obtained within the allowed discovery period). Instead, to obtain this material, Plaintiff filed subpoenas fourteen months after discovery closed.

By issuing the subpoenas on September 25, 2012, Plaintiff disregarded the Court's scheduling order which set a July 29, 2011 deadline for discovery.

> A Scheduling Order is "intended to serve as 'the unalterable road map (absent good cause) for the remainder of the case.'" *Olgyay v. Soc. for Envtl. Graphic Design, Inc.,* 169 F.R.D. 219, 220 (D.D.C.1996) (quoting *Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia* at 39 (Aug.1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992) (quoting *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.* As such, Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed.R.Civ.P. 16(b); *see also* LcvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause.").

*Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005).

Accordingly, the Magistrate Judge properly concluded that the subpoenas violated the May 12, 2011 Scheduling Order in this case because they were filed after the close of discovery and were therefore untimely.

## **CONCLUSION**

For the reasons set forth above, the Court affirms the Magistrate Judge's Order quashing the subpoenas on the grounds that they violate the Scheduling Order issued on May 12, 2011, which set a July 29, 2011 deadline for discovery. An appropriate Order accompanies this Memorandum Opinion.

Dated: January 14, 2013 _____/s/_____
WILMA A. LEWIS
District Judge