DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **IRA GALLOWAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2008-071 |
| | ) |
| **ISLANDS MECHANICAL** | ) |
| **CONTRACTOR, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiff*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
**Rachelle M. Shocklee, Esq.,**
St. Croix, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff's "pattern-or-practice" cause of action set forth in Count 5 of the First Amended Complaint. The Court ordered further briefing on this issue following the September 13, 2012 hearing on several motions *in limine* filed in this case. For the reasons that follow, the Court will

grant summary judgment to Defendant on Count 5 and dismiss Plaintiff's "pattern-or-practice" cause of action.[1]

## PROCEDURAL HISTORY

In January 2012, Defendant Islands Mechanical Contractors, Inc. ("Defendant" or "IMC") filed a Motion for Summary Judgment, seeking dismissal of the five causes of action Plaintiff Ira Galloway ("Plaintiff" or "Galloway") asserted against it in his employment discrimination complaint. (Dkt. No. 104). Of particular relevance here is Count 5 of Plaintiff's First Amended Complaint, which provides:

> 44. The Defendant has a pattern or practice of discriminating against local West Indian black employees in favor of stateside white employees.
>
> 45. The actions of Defendant are so outrageous and done with such a reckless disregard for the rights and interest of Plaintiff as to entitle the Plaintiff to an award of punitive damages.

(Dkt. No. 32, ¶¶ 44, 45). In its Motion for Summary Judgment, Defendant argued that because punitive damages do not constitute a separate cause of action, Count 5 must be dismissed. (Dkt. No. 104 at 13-14). It did not address Plaintiff's "pattern-or-practice" allegation. In adjudicating this claim, the Court held:

> Because punitive damages is not a distinct cause of action, and therefore should not be pleaded as such, the Court grants IMC's motion for summary judgment to the extent that Plaintiff seeks to create an independent cause of action for punitive damages. However, Plaintiff will be allowed to seek punitive damages at trial, to the extent that the evidence supports such an award, with regard to his remaining

---

[1] The parties also addressed whether other allegedly discriminatory practices of Defendant— which Plaintiff seeks to present via the testimony of other black West Indian former IMC employees—constitute admissible evidence in this case. These arguments relate to Defendant's motion *in limine* to preclude testimony of the discrimination claims of those other employees. (Dkt. No. 140). In its November 16, 2012 Memorandum Opinion and Order adjudicating the motions *in limine*, the Court deferred ruling on that motion pending further briefing. The Court required Plaintiff to submit detailed proffers by January 4, 2013 of the proposed testimony of those nine employees, with Defendant's response due on January 18, 2013. (Dkt. No. 238 at 7-8). Once that briefing is completed, the Court will address the admissibility issues in due course.

viable claims under Title VII, [the Virgin Islands Civil Rights Act], and the [Wrongful Discharge Act].

(Dkt. No. 204 at 37).

On September 13, 2012, the Court held a hearing on the parties' motions *in limine*. During argument, and in response to Defendant's assertion that the Court had granted summary judgment to IMC on the entirety of Count 5, the Court clarified that it had granted summary judgment to Defendant on Count 5 only to the extent that punitive damages did not constitute an independent cause of action; it had not granted summary judgment on the pattern-or-practice claim alleged therein. However, in view of the Court's concern, expressed at the hearing, about the viability of a pattern-or-practice discrimination claim embedded in an individual disparate treatment case, the parties were ordered to brief the pattern-or-practice issue, addressing all relevant authorities, including *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135 (2d Cir. 2012). The issue is now ripe for disposition.

## DISCUSSION

The issue before the Court is whether the remainder of Plaintiff's Count 5—alleging that IMC engaged in a "pattern or practice of discriminating against local West Indian black employees in favor of stateside white employees"—remains viable in an individual disparate treatment case. (Dkt. No. 32, ¶ 44).

The phrase "pattern or practice" "appears only once in Title VII." *Chin*, 685 F.3d at 147. It is found in 42 U.S.C. § 2000e-6, entitled "Civil actions by the Attorney General" and provides:

> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States . . .

3

42 U.S.C. § 2000e-6(a). The *Chin* Court described how the pattern-or-practice method of establishing liability under § 2000e-6 differed from establishing liability in a Title VII action initiated by a private plaintiff. In the latter case, "a private plaintiff ordinarily must show that an employer took an adverse action against him or her because of his or her race. . ." *Chin,* 685 F.3d at 147. In contrast, the government "need not demonstrate specific losses to specific individuals to establish that injunctive relief is appropriate." *Id.* It must "'prove more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts': it must prove that unlawful discrimination 'was the company's standard operating procedure.'" *Id.* (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)).

In *Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1976), the Supreme Court gave its imprimatur to the "pattern-or-practice" method of proof in a class action context. It held that once the private plaintiffs in the class action had demonstrated "the existence of a discriminatory hiring pattern and practice by the [employer] . . ., the burden [was] upon [the employer] to prove that individuals who reappl[ied] were not in fact victims of previous hiring discrimination." *Id.* at 772. A year later, in *Teamsters*, the Supreme Court determined that the *Franks* approach should also apply to government-initiated "pattern-or-practice" suits brought under § 2000e-6. The *Teamsters* Court opined:

> The proof of the pattern or practice supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy. The Government need only show that an alleged individual discriminatee unsuccessfully applied for a job and therefore was a potential victim of the proved discrimination. As in *Franks*, the burden then rests on the employer to demonstrate that the individual applicant was denied an employment opportunity for lawful reasons.

*Teamsters*, 431 U.S. at 362. In sum, under the pattern-or-practice method of proof, the government and class action plaintiffs were required to prove only "'the existence of a

discriminatory policy rather than all elements of a prima facie case of discrimination.'" *Chin*, 685 at 149 (citation omitted).

The *Chin* Court analyzed whether the "pattern-or-practice" method of proof was available to non-class-action private plaintiffs. It answered that question in the negative:

> Permitting private plaintiffs to use the pattern-or-practice method of proof outside the class action context would require us to extend this method beyond its current application. This we decline to do. Such an extension would allow nonclass private plaintiffs who have shown a pattern or practice of discrimination (but have not made out a disparate impact [or disparate treatment] claim) to shift the burden to employers to prove that they did not discriminate against a particular individual. But this would conflict with the Supreme Court's oft-repeated holding in the context of disparate-treatment, private nonclass litigation that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."

*Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Six other circuit courts that have considered the question have held that "the pattern-or-practice method of proof is not available to private, nonclass plaintiffs." *Id.* at 149-50. *See Semsroth v. City of Wichita*, 304 F. App'x 707, 715 (10th Cir. 2008); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 967-69 (11th Cir. 2008); *Bacon v. Honda of Am. Mfg.*, 370 F.3d 565, 575 (6th Cir. 2004); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001); *Gilty v. Vill of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999)); *see also Schuler v. PricewaterhouseCoopers, LLP*, 739 F. Supp. 2d 1, 6 n.2 (D.D.C. 2010) ("Courts in every other Circuit that has touched on this issue have indicated that an individual plaintiff cannot maintain a pattern and practice claim.") (collecting cases).

This Court is persuaded by the analysis provided by the Second Circuit in *Chin*, as well as the clear weight of authority of the other circuits that have addressed this issue, that a pattern-or-practice claim is not available to individual disparate treatment plaintiffs outside of a class

action context.[2] Accordingly, because an individual plaintiff may not allege a pattern-or-practice claim, as a matter of law, the Court will dismiss the pattern-or-practice cause of action alleged in Count 5 of Plaintiff's First Amended Complaint. Having previously dismissed the request for punitive damages in Count 5 to the extent that it sought to establish an independent cause of action, Count 5 of the First Amended Complaint will now be dismissed in its entirety.

    An appropriate Order accompanies this Memorandum Opinion.

Date: January 14, 2013                                            _____/s/_____
                                                                                            WILMA A. LEWIS
                                                                                            District Judge

---

[2] Defendant agrees with this conclusion (Dkt. No. 219), and Plaintiff conceded this point in his briefing (Dkt. No. 218-1 at 5, 11-13).